**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**IN THE MATTER OF THE COMPLAINT**                    **NO. 1:26-CV-70-RPC-DAS**
**OF ANDREW LABAS,**
*As Owner of the 2020 Sea-Doo/Bombardier BRP*
*GTX LTD 300 Personal Watercraft,*
*Bearing Mississippi Registration No. MI-7080-CA*
*And Hull Identification No. YDV52726C020*

## ORDER

On May 6, 2026, the Petitioner, Andrew Labas, as owner of the 2020 Sea-Doo/Bombardier BRP GTX LTD 300 personal watercraft, bearing Mississippi Registration No. MI-7080-CA and hull identification number (HIN) YDV52726C020 (the "Vessel"), filed a Complaint [1] in this Court, claiming the benefit of the exoneration and limitation of liability provided for in 46 U.S.C. §§ 30501 *et seq*., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The Complaint [1] contests the liability of the Petitioner for any losses, damages, or injuries caused by or resulting from the alleged incident on or about May 23, 2025. The Complaint [1] states the facts and circumstances upon which the limitation of and/or exoneration from liability is claimed, and from which it appears that the value of Petitioner's interest in the Vessel and pending freight did not exceed the sum of FOURTEEN THOUSAND AND NO/100 DOLLARS ($14,000.00). Claims may be made against the Petitioner for losses, damages, injuries, death or destruction alleged to have occurred to or in consequence of the events on or about May 23, 2025.

Petitioner has filed and submitted an *Ad Interim* Stipulation in the amount of FOURTEEN THOUSAND EIGHT HUNDRED FORTY AND NO/100 DOLLARS ($14,840.00) representing

the value of the Petitioner's interest in the Vessel and its pending freight[1] at the time of the alleged incident that occurred on or about May 23, 2025, and one year's interest at the rate of 6% per annum in accordance with Supplemental Rule F(1).

IT IS HEREBY ORDERED as follows:

(1) That the *Ad Interim* Stipulation in the amount of $14,840.00 be accepted as security for the value of the Petitioner's interest in the Vessel under Rule F(1) for the purposes of this Limitation proceeding, and upon deposit is accepted in lieu of the surrender of the Vessel in accordance with Supplemental Rule F;

(2) That the Petitioner shall deposit the funds with the Clerk of the Court pursuant to the separate Order directing the Petitioner to deposit funds into the Court's Registry that shall issue forthwith;

(3) That any claimant who may properly become a party hereto may contest the amount or value of Petitioner's interest in the Vessel and her pending freight and may move the Court for appraisal of the said interest and may apply to have the amount increased or diminished, as the case may be, on determination of the Court pursuant to the provisions of 46 U.S.C. §§ 181-195, as amended by 46 U.S.C. §§ 30501 *et seq.*;

(4) That the Notice [3] issued by the Clerk of this Court on May 7, 2026, to all persons asserting claims with respect to which the Complaint [1] seeks limitation shall be published in the newspapers of general circulation in the Counties of Alcorn and Tishomingo, Mississippi, namely *The Northeast Mississippi Daily Journal* and *The Daily Corinthian*, once a week for four (4) successive weeks prior to the date fixed for the filing of claims, as provided by Supplemental Rule F. **Attorneys for the Petitioner shall be responsible for ensuring that notice is completed and shall thereafter file proof thereof on the docket**;

---

[1] Petitioner avers that there was no pending freight at the time of the underlying incident. [1; Exhibit C: Affidavit of Pending Freight].

(5) That not later than the date of the second publication of the Notice [3], Petitioner shall cause to be mailed a copy of the Notice [3] to every person or concern known to have made any claim that remains outstanding against the Vessel or the Petitioner arising out of the alleged incident involving the Vessel which occurred on or about May 23, 2025. Further, that the Petitioner shall cause to be mailed a copy of the Notice [3] to the decedent[2] at the decedent's last known address, and to any person who shall be known to have made any claim on account of such death; and

(6) That the further prosecution of any pending actions, suits, or legal proceedings in any court whatsoever, and the institution and prosecution of any suits, actions, or legal proceedings of any nature and description whatsoever in any court, wheresoever, except in this proceeding for limitation of liability, against Petitioner, its controllers, underwriters, the Vessel, its crew, against any employees, agents, representatives, or property of the Petitioner, in respect to any claim arising out of or in connection with the alleged incident on or about May 23, 2025, be and they are hereby restrained, stayed and enjoined until the hearing and determination of this action.

Service of this Order as a Restraining Order may be made through the Post Office by mailing a conformed copy to the person or person to be restrained, or to their respective attorneys, or alternatively by hand.

SO ORDERED AND ADJUDGED, this, the 14th day of May, 2026.

_Robert P. Chamberlin_
**UNITED STATES DISTRICT JUDGE**

---

[2] Supplemental Rule F(4) specifically directs that "notice shall be mailed to the decedent at the decedent's last known address[.]"