**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**IN THE MATTER OF THE COMPLAINT OF ANDREW LABAS,**
*As Owner of the 2020 Sea-Doo/Bombardier BRP GTX LTD 300 Personal Watercraft, Bearing Mississippi Registration No. MI-7080-CA And Hull Identification No. YDV52726C020*

**NO. 1:26-CV-70-RPC-DAS**

# ORDER

Now before this Court is the Joint Motion for Order Noting Default [23] filed by the parties on August 13, 2026. Petitioner Andrew Labas filed this Complaint [1] on May 6, 2026, claiming the right to exoneration from or limitation of liability for all claims arising out of an incident which occurred on or about May 23, 2025, involving the Vessel.[1] The Order [12] of this Court issued on May 28, 2026, directed Labas to provide Notice [13] to all potential claimants and publish Notice [13] in two separate newspapers for four consecutive weeks. The Order [12] also directed that any potential claims must be filed on or before August 7, 2026. The time for filing claims has passed and now the parties ask this Court to enter an Order Noting Default of any party or claimant who has not yet filed a claim in this matter.

Labas complied with the Court's Order [12] to provide Notice [13] to potential claimants. *See* [22, 23]. On June 1, 2026, Joshua James Marlar and Candace Jackson Marlar (the Marlers)—individually and as the parents and representatives of their deceased minor child, Jackson Thomas Marlar—filed an Answer and Counterclaim [15], which was later amended on June 8, 2026, to include claims on behalf of the Marlars' other minor son, Hilton Marlar [18]. The Marlar Claimants

[1] Identified in previous orders [6, 7, 12] of this Court as the 2020 Sea-Doo/Bombardier BRP GTX LTD 300 Personal Watercraft, bearing Mississippi Registration No. MI-7080-CA and Hull Identification No. YDV52726C020.

have filed the only timely responsive claim in this matter. Labas and the Marlar Claimants now jointly move for an Order Noting Default [23].

Federal Rule of Civil Procedure 55(a) allows for a default to be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Furthermore, "Courts have recognized that a 'limitation action also encourages uniformity by subjecting any claimant to a default judgment upon failure to file a claim within the prescribed time in the action.'" ***In re Beverly Indus., LLC***, No. 22-1105, 2022 WL 8219664, at *1 (E.D. La. Sep. 13, 2022) (quoting ***Humphreys v. Hal Antillen, N.V.***, No. 93-3799, 1994 WL 682811, at *2 (E.D. La. Jan. 31, 1994)). "District courts routinely grant motions for default judgment in limitation of liability proceedings where persons were properly notified of the proceeding and failed to timely file a claim." ***Id.*** at n.7 (collecting cases).

All known potential claimants have had ample opportunity to file a claim in this matter. The Court finds the Motion [23] to be well-taken.

**THEREFORE IT IS HEREBY ORDERED** that the Motion [23] is **GRANTED**. It is further **ORDERED** that all persons or entities having not previously filed a claim are hereby in default and barred[2] from entering a claim against Petitioner Labas arising out of the voyage on which the Vessel was engaged on or about May 23, 2025, on Pickwick Lake, as described in the Complaint [1].

SO ORDERED, this, the 14th day of August, 2026.

Robert P. Chamberlin
**UNITED STATES DISTRICT JUDGE**

---

[2] Excepting a demonstration to this Court of good cause. Fed. R. Civ. P. 55(c).